IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,    Plaintiff,    v. DENNIS R. OTT and TRACEY R. OTT,    Defendants. | Case No. 18-cv-12174 |

**COMPLAINT**

PLAINTIFF UNITED STATES OF AMERICA, with the authorization of a delegate of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of a delegate of the Attorney General of the United States, brings this action to collect outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly referred to as FBAR penalties, from Defendants Dennis R. Ott and Tracey R. Ott, which were assessed against them for their failure to timely report their financial interest in, and/or signatory or other authority over, foreign financial accounts for the calendar years 2007, 2008, and 2009, as required by 31 U.S.C. § 5314 and its implementing regulations.

IN SUPPORT of this action, the United States alleges:

1

**Jurisdiction and Parties**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345.

2. Defendant Dennis R. Ott is a resident of Redford, MI.

3. Defendant Tracey R. Ott is a resident of Redford, MI.

**Background Regarding Foreign Financial Accounts**

4. In 1993, Dennis R. Ott and Tracey R. Ott (collectively referred to as the "Otts") opened two joint brokerage accounts in Canada. For the years at issue in this case—2007, 2008, and 2009—the accounts were held with Octagon Capital Corporation in Toronto, Ontario and had account numbers ending in "589-E" and "589-F" (hereinafter collectively referred to as the "Canadian Accounts").

5. Between 1993 and 1998, the Otts deposited approximately $121,478.00 in the Canadian Accounts for investment.

6. Between 2005 and 2010, the Otts withdrew $392,000.00 from the Canadian Accounts. The Otts used some of the money they withdrew from the Canadian Accounts to invest in real estate and other business opportunities. They also used $60,000.00 from the Canadian Accounts to pay for two years of their son's private high school. And, the Otts also paid $20,000.00 for miscellaneous personal expenses from money withdrawn from the Canadian Accounts.

7. Beginning in 2005 or 2006, Dennis R. Ott started actively trading the investments held in the Canadian Accounts, including using the Canadian

Accounts to trade put and call options.  During this time, Dennis R. Ott was talking with his broker on a daily basis.

8.     The Otts did not tell their tax return preparer about the Canadian Accounts at any time between 1993 and 2009.

9.     Despite having these Canadian Accounts since 1993, the Otts did not report their interest in, or authority over, these foreign financial accounts on a Schedule B on their personal income tax returns (Forms 1040) at any time before 2010.

10.    In fact, the Otts signed federal income tax returns for 2005, 2006, and 2008, under penalties of perjury, that included a Schedule B on which they reported that they did not have an interest in, or authority over, a financial account in a foreign county.

11.    Prior to 2010, the Otts also failed to report any income that they earned from the Canadian Accounts on their federal income tax returns.

12.    On their original federal income tax return for 2003, the Otts failed to report $76,955.00 in capital gains earned from the Canadian Accounts.

13.    On their original federal income tax return for 2004, the Otts failed to report $29,342.00 in capital gains earned from the Canadian Accounts.

14.    On their original federal income tax return for 2005, the Otts failed to report $77,650.00 in capital gains earned from the Canadian Accounts.

15. On their original federal income tax return for 2006, the Otts failed to report $662,144.00 in capital gains earned from the Canadian Accounts.

16. On their original federal income tax return for 2007, the Otts failed to report $1,515,559.00 in capital gains earned from the Canadian Accounts.

17. On their original federal income tax return for 2008, the Otts failed to report $27,215.00 in capital gains earned from the Canadian Accounts.

## Assessment of the Civil Penalties

18. Generally, FBAR penalties must be assessed, under 31 U.S.C. § 5321(b)(1), within six years of the date of the violation.

19. However, on or about May 12, 2014, within six years of the Otts' failure to timely file FBARs for the calendar year 2007, the Otts agreed in writing to extend the time within which the Secretary of the Treasury may assess an FBAR penalty for the calendar year 2007 until June 30, 2015.

20. Then, on or about October 2, 2014, the Otts agreed in writing, through their authorized representative, to extend the time within which the Secretary of the Treasury may assess FBAR penalties for the calendar years 2007 and 2008 until June 30, 2016.

21. On or about January 20, 2016, the Otts agreed in writing, through their authorized representative, to extend the time within which the Secretary of the

Treasury may assess FBAR penalties for the calendar years 2007, 2008, and 2009 until June 30, 2017.

22.     On July 13, 2016, a delegate of the Secretary of the Treasury assessed FBAR penalties against Dennis R. Ott and Tracey R. Ott due to their failure to disclose the Canadian Accounts to the IRS, for the calendar years 2007, 2008, and 2009—the penalties assessed against Dennis R. Ott were "willful" FBAR penalties (*see* 31 U.S.C. § 5321(a)(5)(C)(i)), whereas the penalties assessed against Tracey R. Ott were "non-willful" FBAR penalties (*see* 31 U.S.C. § 5321(a)(5)(B)(i)).

23.     The IRS sent Letters 3708, IRS Appeals Determination, dated July 13, 2016, that notified the Otts of the FBAR penalties that were assessed against them for the calendar years 2007, 2008, and 2009, and in which the IRS demanded payment of the FBAR penalties.

24.     By letters dated July 20, 2016, the Otts, through their authorized representative, notified that IRS that they had previously requested administrative review of the proposed assessments of the FBAR penalties for the calendar years 2007, 2008, and 2009, and they had not yet had an IRS Appeals conference regarding the FBAR penalties.

25.     Thereafter, an IRS Appeals conference between the Otts' representatives and the IRS Appeals Officer was held on or about August 17, 2016.

26. Following the IRS appeals conference, on August 26, 2016, a delegate of the Secretary of the Treasury again assessed FBAR penalties against the Otts due to their failure to disclose the Canadian Accounts to the IRS, for the calendar years 2007, 2008, and 2009—the penalties assessed against Dennis R. Ott were "willful" FBAR penalties (*see* 31 U.S.C. § 5321(a)(5)(C)(i)), whereas the penalties assessed against Tracey R. Ott were "non-willful" FBAR penalties (*see* 31 U.S.C. § 5321(a)(5)(B)(i)).

27. The IRS sent Letters 3708, IRS Appeals Determination, dated August 26, 2016, that notified the Otts of the FBAR penalties that were assessed against them for the calendar years 2007, 2008, and 2009, and in which the IRS demanded payment of the FBAR penalties.

## Count I – Judgment for Civil Penalties Assessed Against Defendant Dennis R. Ott

28. During the calendar years 2007, 2008, and 2009, Dennis R. Ott was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

29. During the calendar years 2007, 2008, and 2009, Dennis R. Ott had a financial interest in the Canadian Accounts and/or signatory or other authority over the Canadian Accounts, within the meaning of 31 C.F.R. § 103.24.

30. The Canadian Accounts were financial accounts in a foreign country.

31.     During the 2007, 2008, and 2009 calendar years, the balance of the Canadian Accounts exceeded $10,000.

32.     The combined maximum balance of the Canadian Accounts was at least $1,976,488 in the calendar year 2007.

33.     The combined maximum balance of the Canadian Accounts was at least $849,994 in the calendar year 2008.

34.     The combined maximum balance of the Canadian Accounts was at least $1,867,994 in the calendar year 2009.

35.     Dennis R. Ott, failed to timely file an FBAR with regard to the calendar years 2007, 2008, and 2009 as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

36.     The failure of Dennis R. Ott, to timely file FBARs with regard to the calendar years 2007, 2008, and 2009 was willful within the meaning of 31 U.S.C. § 5321(a)(5)(c).

37.     In accordance with 31 U.S.C. § 5321(a)(5)(C)(i), a delegate of the Secretary of the Treasury assessed the following FBAR penalties, on the dates and in the amounts identified below, against Dennis R. Ott, due to his willful failure to disclose the Canadian Accounts to the IRS:

| Year | Assessment Date | Assessment Type | Assessment Amount |
|---|---|---|---|
| 2007 | 07/13/2016 | Willful FBAR penalty | $329,415.00 |
|  | 08/26/2016 | Willful FBAR penalty | $329,415.00 |
| 2008 | 07/13/2016 | Willful FBAR penalty | $329,415.00 |
|  | 08/26/2016 | Willful FBAR penalty | $329,415.00 |
| 2009 | 07/13/2016 | Willful FBAR penalty | $329,415.00 |
|  | 08/26/2016 | Willful FBAR penalty | $329,415.00 |

38. On or about July 13, 2016, and August 26, 2016, a delegate of the Secretary of the Treasury sent Dennis R. Ott notice of the liabilities arising from the FBAR penalties identified in paragraph 37 above, and a demand for payment of the same.

39. The United States is only seeking collect on one of the $329,415.00 assessments for each of the calendar years—the United States will only collect $988,245.00 for the three FBAR penalties (plus any statutory additions).

40. In addition to the FBAR penalties described in paragraph 37 above, Dennis R. Ott owes a late-payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a) in the amount of $108,945.75, as of July 9, 2018.

41. In addition to the FBAR penalties and the late-payment penalty described in the previous paragraphs, Dennis R. Ott, owes accrued interest in the amount of $18,465.29, as of July 9, 2018.

42. Dennis R. Ott is liable to the United States for the FBAR penalties, as well as the associated late-payment penalty and interest, in the total amount of $988,245.00 for the FBAR penalties, $108,945.75 for the late-payment penalty,

8

and $18,465.29 for the accrued interest, plus statutory additions from and after July 9, 2018, until the liabilities are paid in full.

### Count II – Judgment for Civil Penalties Assessed Against Defendant Tracey R. Ott

43. During the calendar years 2007, 2008, and 2009, Tracey R. Ott was a United States citizen, resided within the United States, or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24.

44. During the calendar years 2007, 2008, and 2009, Tracey R. Ott had a financial interest in the Canadian Accounts and/or signatory or other authority over the Canadian Accounts, within the meaning of 31 C.F.R. § 103.24.

45. The Canadian Accounts were financial accounts in a foreign country.

46. During the 2007, 2008, and 2009 calendar years, the balance of the Canadian Accounts exceeded $10,000.

47. The combined maximum balance of the Canadian Accounts was at least $1,976,488 in the calendar year 2007.

48. The combined maximum balance of the Canadian Accounts was at least $849,994 in the calendar year 2008.

49. The combined maximum balance of the Canadian Accounts was at least $1,867,994 in the calendar year 2009.

50. Tracey R. Ott, failed to timely file an FBAR with regard to the calendar years 2007, 2008, and 2009 as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

51. In accordance with 31 U.S.C. § 5321(a)(5)(B)(i), a delegate of the Secretary of the Treasury assessed the following FBAR penalties, on the dates and in the amounts identified below, against Tracey R. Ott, due to her failure to disclose the Canadian Accounts to the IRS:

| Year | Assessment Date | Assessment Type | Assessment Amount |
|---|---|---|---|
| 2007 | 07/13/2016 | Non-willful FBAR penalty | $20,000.00 |
|  | 08/26/2016 | Non-willful FBAR penalty | $20,000.00 |
| 2008 | 07/13/2016 | Non-willful FBAR penalty | $20,000.00 |
|  | 08/26/2016 | Non-willful FBAR penalty | $20,000.00 |
| 2009 | 07/13/2016 | Non-willful FBAR penalty | $20,000.00 |
|  | 08/26/2016 | Non-willful FBAR penalty | $20,000.00 |

52. On or about July 13, 2016, and August 26, 2016, a delegate of the Secretary of the Treasury sent Tracey R. Ott notice of the liabilities arising from the FBAR penalties identified in paragraph 51 above, and a demand for payment of the same.

53. The United States is only seeking collect on one of the $20,000.00 assessments for each of the calendar years—the United States will only collect $60,000.00 for the three FBAR penalties (plus any statutory additions).

54. In addition to the FBAR penalties described in paragraph 51 above, Tracey R. Ott owes a late-payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a) in the amount of $6,726.57, as of July 9, 2018.

55. In addition to the FBAR penalties and the late-payment penalty described in the previous paragraphs, Tracey R. Ott, owes accrued interest the amount of $1,121.09, as of July 9, 2018.

56. Tracey R. Ott is liable to the United States for the FBAR penalties, as well as associated penalties and interest, in the total amount of $60,000.00 for the FBAR penalties, $6,726.57 for the late-payment penalty, and $1,121.09 for the interest, plus statutory additions from and after July 9, 2018, until the liabilities are paid in full.

WHEREFORE, Plaintiff United States respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff United States and against Defendant Dennis R. Ott for the FBAR penalties assessed against him for the calendar years 2007, 2008, and 2009, in the total amount of $988,245.00 for the FBAR penalties, $108,945.75 for the late-payment penalty, and $18,465.29 for the accrued interest, plus statutory additions from and after July 9, 2018;

B. Enter judgment in favor of Plaintiff United States and against Defendant Tracey R. Ott for the FBAR penalties assessed against her for the calendar years 2007, 2008, and 2009, in the total amount of $60,000.00 for the

FBAR penalties, $6,726.57 for the late-payment penalty, and $1,121.09 for the interest, plus statutory additions from and after July 9, 2018; and,

    C.    Award Plaintiff United States its costs and other such further relief as the Court deems just and proper.

Dated: July 12, 2018

                                    RICHARD E. ZUCKERMAN
                                    Principal Deputy Assistant Attorney General

                                    */s/ Carl L. Moore*
                                    CARL L. MOORE
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    P.O. Box 55
                                    Washington, D.C. 20044
                                    202-307-5892 (v)
                                    202-514-5238 (f)
                                    Carl.L.Moore@usdoj.gov

Of Counsel:

PETER A. CAPLAN (P30643)
Assistant U.S. Attorney
United States Attorney's Office
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
peter.caplan@usdoj.gov