IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DENNIS R. OTT and  )<br>TRACEY R. OTT,  )<br>)<br>Defendants.  ) | Case No. 18-cv-12174-GAD-EAS<br><br>Hon. Gershwin A. Drain |

**PLAINTIFF UNITED STATES'
MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST
DEFENDANT TRACEY R. OTT**

THE PLAINTIFF UNITED STATES OF AMERICA, pursuant to Fed. R. Civ. P. 56, hereby moves for summary judgment against the Defendant Tracey R. Ott to reduce to judgment her unpaid civil penalties that were assessed against her under 31 U.S.C. § 5321(a)(5) for the calendar years 2007, 2008, and 2009. Ms. Ott is liable for the penalties under § 5321(a)(5) because she failed to report her two foreign financial accounts to the Treasury Department. *See* 31 U.S.C. § 5314 and 31 C.F.R. § 103.24 (2009). The United States asks that the Court enter judgment against Ms. Ott in the total amount of $60,000.00 for the FBAR penalties, $10,129.31 for a late-payment penalty, and $1,688.21 for interest, plus statutory additions from and after June 19, 2019.

IN SUPPORT of this motion, the United States has included a brief below in accordance with Local Rule 7.1(d). The brief includes a statement of material facts, which is supported by Exhibits 1 through 5.

As required by Local Rule 7.1(a), counsel for the United States requested concurrence in the relief sought by this motion from counsel for Ms. Ott by sending an email on June 19, 2019, which explained the nature of the motion and the legal basis for the relief; however, concurrence was not forthcoming at this time.

WHEREFORE, the United States respectfully requests that the Court grant its motion for partial summary judgment and provide the relief requested above.

## BRIEF IN SUPPORT OF PLAINTIFF UNITED STATES' MOTION
## FOR PARTIAL SUMMARY JUDGMENT
## AGAINST DEFENDANT TRACEY R. OTT

The United States submits this brief, in accordance with Local Rule 7.1(d), to support its motion for partial summary judgment against Ms. Ott. As explained in more detail below, the Court should enter judgment against Mr. Ott because there is no material dispute of fact that Ms. Ott failed to report her foreign financial accounts to the Treasury Department; accordingly, she is liable for the civil penalties that were assessed against her failing to report the accounts.

## Concise Statement of Issue Presented

Section 5314 of Title 31 and 31 C.F.R. § 103.24 (2009) require United States citizens to report foreign accounts to the Secretary of the Treasury or their delegate and 31 U.S.C. § 5321(a)(5) authorizes a delegate of the Treasury Secretary to impose a penalty of up to $10,000 per unreported account.  Ms. Ott failed to timely report two financial accounts she held in Canada for each of 2007, 2008, and 2009, and was assessed $60,000 in civil penalties.  Should Ms. Ott be held liable for the civil penalties?

**Controlling Authority**

Fed. R. Civ. P. 56

31 U.S.C. § 5314

31 U.S.C. § 5321(a)(5)

31 C.F.R. § 103.24 (2009)

**Introduction**

Each year, United States citizens who hold a financial account in a foreign country are required to report the account[1] to the Treasury Department. *See* 31 U.S.C. § 5314; 31 C.F.R. § 103.24 (2009).[2] It is not illegal to hold a foreign account, but failing to report it can lead to a civil penalty. The form on which the report is made is the Report of Foreign Bank and Financial Account, often referred to as an "FBAR," and the penalty for failing to file it is known as an "FBAR penalty." Unless the failure to report the account is willful, the amount of the penalty is capped at $10,000 per account per year.[3] From 1993 through 2010, Ms. Ott held financial accounts in Canada. However, she did not file any FBARs until

---

[1] For the years at issue, the report was to be filed by June 30 of the following year.

[2] In 2010, the regulations were updated and relocated to 31 C.F.R. § 1010.350. The United States refers in this motion to the regulations effective in 2007-2009.

[3] Note that the United States is moving for partial summary judgment against only Ms. Ott for her "non-willful" FBAR penalties; however, in this case, the United States is also attempting to collect "willful" FBAR penalties that were assessed against Ms. Ott's husband.

2011.  For failing to report her two Canadian accounts for each of the years 2007, 2008, and 2009, the IRS assessed three penalties of $20,000 each against her for those years.

## Statement of Material Facts

1. Ms. Ott is a United States citizen and was a United States citizen during the calendar years 2007, 2008, and 2009.  *See* Compl., ECF No. 1, at ¶ 43; Answer, ECF No. 8, at ¶ 43.

2. She and her husband, Dennis R. Ott, jointly owned financial accounts in Canada from 1993 through 2010.  *See* **Exhibit 1**, "Offshore Voluntary Disclosures – Optional Format Letter" dated July 14, 2011 (sent to the IRS via a cover letter from counsel for Mr. and Ms. Ott dated July 18, 2011), at 4.  For the years at issue—2007 through 2009—Ms. and Mr. Ott held financial accounts in Canada with an entity known as Octagon Capital.  *Id*.  They had two accounts (simultaneously) with Octagon Capital during that time: an account ending "589-F" and another ending "589-E."  *See* **Exhibit 2**, "Penalty Computation Worksheet," signed by Mr. and Ms. Ott on August 22, 2011; *also* Compl., ECF No. 1, at ¶¶ 44-45; Answer, ECF No. 8, at ¶¶ 44-45 (admitting that during 2007, 2008, and 2009, Ms. Ott had a financial interest in the accounts and/or signature or other authority over the accounts, within the meaning of 31 C.F.R. § 103.24, and that the accounts were in a foreign country).

3. Ms. Ott (and her husband) admitted that the two accounts had high balances for the years 2007 through 2009 as follows:

| Year | Account No. | High Balances |
|---|---|---|
| 2007 | 589-F | $1,061,405 |
| 2007 | 589-E | $842,072 |
| 2008 | 589-F | $400,456 |
| 2008 | 589-E | $516,672 |
| 2009 | 589-F | $714,523 |
| 2009 | 589-E | $1,051,606 |

*See id*. Thus, during 2007, 2008, and 2009, the balance of the two financial accounts with Octagon Capital exceeded $10,000. *See* Compl., ECF No. 1, at ¶ 46; Answer, ECF No. 8, at ¶ 46.

4. Ms. Ott did not timely file FBARs to report her two accounts with Octagon Capital; she did not file any FBARs to report her foreign accounts until 2011. *See* **Exhibit 3**, TD F 90-22.1, Report of Foreign Bank and Financial Accounts, for 2007, 2008, and 2009 signed by Ms. Ott on August 22, 2011.[4]

---

[4] Ms. Ott and her husband participated in the IRS's voluntary disclosure program, which required them to submit FBARs to report their foreign accounts—the FBARs filed by Ms. Ott are attached as Exhibit 4. Note that on the FBARs that Ms. Ott submitted in 2011, she reported that she had a single account with Octagon Capital with an account number ending in "589." It seems that Ms. Ott merely added the maximum balances from her two accounts and reported them under a single account number. For instance, on Exhibit 2, Ms. Ott reported that she had two accounts in 2007 with maximum balances of $1,061,405 and $842,072, but on the 2007 FBAR, she reported that she had a single account with a maximum balance of $1,903,477, which is the combined value of the two accounts. Ms. Ott and her husband subsequently opted-out of the voluntary disclosure program.

7

5. On August 26, 2016, the IRS assessed three FBAR penalties against Ms. Ott, each in the amount of $20,000, for the calendar years 2007, 2008, and 2009. *See* **Exhibit 4**, "Forms 13448 Penalty Assessment Certifications (Title 31 'FBAR')," accompanied by a "Certificate of Official Record" dated July 29, 2017. At or near the time the FBAR penalties were assessed, the IRS sent a letter to Ms. Ott demanding payment for the FBAR penalties. *See* **Exhibit 5**, Declaration of Debt, dated June 20, 2019, at ¶ 3. Ms. Ott owes $60,000.00 on the principal for the outstanding FBAR penalties, $10,129.31 for a late-payment penalty, and $1,688.21 for interest, as of June 19, 2019. *See id.*, at ¶ 4.

## Argument

**a. Statutory and Regulatory Framework for the FBAR Penalty**.

Section 5314 of Title 31 instructs the Secretary of the Treasury to require United States citizens to keep records, file reports, or both, when the citizen "maintains a relation . . . with a foreign financial agency." 31 U.S.C. § 5314(a). To implement this statutory mandate, the Secretary published regulations requiring any United States citizen "having a financial interest in, or signature or other authority over, a bank, securities or other financial account in a foreign country" to report certain details about the account to the Treasury Department. 31 C.F.R. § 103.24 (2009). The report must be made each year by filing a form with the

Treasury Department no later than June 30 of the following year. *See* 31 C.F.R. § 103.27(c), (d), (e) (2009).[5]

To enforce the reporting requirements, the Secretary is authorized to impose a civil penalty on any person who does not comply with the requirement to report a foreign account. *See* 31 U.S.C. § 5321(a)(5)(A). (The Secretary has delegated assessment authority to the IRS. *See* 31 C.F.R. § 103.56(g) (2009); *also* 31 C.F.R. § 1010.810(g) (2014).) Except where the violation is willful, the amount of the penalty is capped at $10,000 per account per year. *See* 31 U.S.C. § 5321(a)(5)(B)(i), (C); *United States v. Boyd*, No. CV 18-803-MWF, 2019 WL 1976472, at *3-5 (C.D. Cal. Apr. 23, 2019) (holding that a $10,000 penalty can be assessed for each unreported foreign account).

---

[5] The FBAR reporting statutes and regulations arise from the Currency and Foreign Transactions Reporting Act, also known as the Bank Secrecy Act ("BSA"), which was enacted to ensure that citizens meet the requirement to pay taxes on income earned abroad and "to detect and prosecute criminal activity." *See* Pub. L. 91-508, 84 Stat. 1114 (1970) (31 U.S.C. §§ 5311 *et seq*.); *also* H.R. Rep. No. 91-975 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4394, 4395, 4397 (stating that the BSA was enacted to deal with major issues in law enforcement, one of which was the use of secret foreign bank accounts to evade taxes); *United States v. Simonelli*, 614 F.Supp.2d 241 (D. Conn. 2008) (quoting 31 U.S.C. § 5311). Note that United States citizens are subject to taxes on their income, regardless of where it is earned. *See* 26 U.S.C. § 61(a); 26 C.F.R. § 1.1-1(b). In enacting the BSA, Congress recognized that citizens' use of undisclosed foreign accounts caused significant federal tax losses as well as a gaping disparity in the enforcement of the internal revenue laws. *See* 1970 U.S.C.C.A.N. at 4397-98 (observing that "[s]ecret foreign financial facilities" offered the wealthy a "grossly unfair" but "convenient avenue of tax evasion").

**b. Ms. Ott is Liable for Non-Willful FBAR Penalties for 2007, 2008, and 2009.**

To show that a person is liable for a "non-willful" FBAR penalty, the United States must prove five elements:

(1) The person is a U.S. person, i.e., "subject to the jurisdiction of the United States," during the reporting period;

(2) The person must have had "a financial interest in, or signature or other authority over, a bank, securities or other financial account;"

(3) The account must have been located in a foreign country;

(4) The balance in the account (or aggregate balance of more than one account) must have exceeded $10,000 at some point during the reporting period; and,

(5) The person must have failed to report the account as required.

*See United States v. McBride*, 908 F. Supp. 2d 1186, 1201 (D. Utah 2012) (noting seven elements in willful-penalty case, including willfulness of person's conduct and whether "the amounts of the penalties were proper"); *also* 31 C.F.R. § 103.24(a). After applying these five elements to the facts of this case, the Court should enter judgment against Ms. Ott for the non-willful FBAR penalties that the IRS assessed against her.

First, Ms. Ott is a U.S. citizen. *See* Statement of Material Facts (hereinafter referred to as "SOF") at ¶ 1.

Second, Ms. Ott jointly owned (with her husband) two financial accounts with Octagon Capital during 2007, 2008, and 2009. *See* SOF at ¶ 2. She held an account ending in "589-F" and an account ending in "589-E." *Id*.

Third, the two financial accounts with Octagon Capital were located in Canada. *Id*.

Fourth, the balances of the foreign financial accounts in 2007, 2008, and 2009 exceed $10,000. *See id*. at ¶ 3. In 2007, 2008, and 2009, the accounts held a combined value of $1,061,405, $917,128, and $1,766,129, respectively. *Id*.

Fifth, Ms. Ott did not timely file FBARs for 2007, 2008, and 2009, to report her two foreign financial accounts, i.e., she did not file her 2007 FBAR by June 30, 2008; her 2008 FBAR by June 30, 2009; or her 2009 FBAR by June 30, 2010. *Id*. at ¶ 4.

For failing to timely report her foreign accounts, Ms. Ott is subject to a $10,000 penalty per account per year. *See* 31 U.S.C. § 5321(a)(5)(B)(i), (C); *Boyd*, 2019 WL 1976472, at *3-5. Because she failed to report two accounts for each of the years, Ms. Ott is liable for $20,000 penalty for each of the years 2007, 2008, and 2009—in the total amount of $60,000—plus statutory penalties and interest that continues to accrue from and after June 20, 2019. *See* SOF at ¶ 5.

## Conclusion

For the foregoing reasons, the Court should grant the United States' motion for partial summary judgment against Ms. Ott.

    Respectfully submitted

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General
    U.S. Department of Justice, Tax Division

    */s/ Carl L. Moore*
    CARL L. MOORE
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C.  20044
    202-307-5892 (v)
    202-514-5238 (f)
    Carl.L.Moore@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this June 20, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants.

*/s/ Carl L. Moore*
CARL L. MOORE
Trial Attorney, Tax Division
