UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 18-CV-12174 |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS R. OTT and TRACEY R. | ) | Hon. Gershwin A. Drain |
| | ) | |
| OTT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT

DEFENDANTS, DENNIS R. OTT AND TRACEY R. OTT, object to the granting of Plaintiff's motion for partial summary judgement filed June 20, 2019.

IN SUPPORT THEREOF, the Defendants have included a brief, below, in accordance with Local Rule 7.1(d). The brief includes a statement of facts, supported by Exhibits 1 through 7.

WHEREFORE, the Defendants respectfully request that the Court deny Plaintiff's motion for partial summary judgment and award Defendants such further and different relief as may be just and appropriate.

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................ 1

II. STATEMENT OF MATERIAL FACTS ........................................... 1

III. ARGUMENT .................................................................................. 5

    A.    FBAR and Reasonable Cause Framework. ................................ 5

    B.    Summary Judgment Standard. ................................................... 7

    C.    There is a Genuine Issue of Fact as to Whether Ms. Ott is Liable for Non-Willful FBAR Penalties for 2007, 2008, and 2009. ............................................ 8

IV. CONCLUSION ............................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..............................................................................................6

*Jarnagin v. U.S.*,
  134 Fed. Cl. 368 (2017) .......................................................................................5

*Lloyd v. Saint Joseph Mercy Oakland*,
  766 F.3d 580 (6th Cir. 2014) ...............................................................................6

*Moore v. U.S.*,
  2015 U.S. Dist. LEXIS 43979 (W.D. Wash. 2015)..............................................5

*Neonatology Associates v. Commissioner*,
  115 T.C. 43 (2000), *aff'd*, 299 F.3d 221 (3d Cir. 2002).......................................6

*Street v. J.C. Bradford & Co.*,
  886 F.2d 1472 (6th Cir. 1989) ..............................................................................6

*Thaddeus-X v. Blatter*,
  175 F.3d 378 (6th Cir. 1999) ................................................................................6

*U.S. v. Boyle*,
  105 S. Ct. 687 (1985)............................................................................................5

**Statutes**

31 U.S.C. § 5314 ..................................................................................................... 1, 4

31 U.S.C. § 5321(a)(5).................................................................................................4

31 U.S.C. § 5321(a)(5)(B)............................................................................................7

31 U.S.C. § 5321(a)(5)(B)(ii)............................................................................... 4, 5, 7

31 U.S.C. § 5321(a)(5)(C)............................................................................................7

**Other Authorities**

26 C.F.R. § 1.6664-4(b)(1)........................................................ 5, 7

31 C.F.R. § 103.24 (2009)....................................................... 1, 2, 4

Fed. R. Civ. P. 56(a)..................................................................6

Fed. R. Civ. P. 56(e)..................................................................6

### BRIEF IN OPPOSITION OF PLAINTIFF UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT TRACEY R. OTT

The Defendants submit this brief, in accordance with Local Rule 7.1(d), to support their opposition to Plaintiff's motion for partial summary judgment pertaining to Defendant, Tracey R. Ott. As explained in more detail below, the Court should not enter judgment in favor of Plaintiff because there is significant material dispute of fact as to whether Ms. Ott failed to report her foreign financial accounts and is liable for civil penalties under 31 U.S.C. §§ 5314 and 5321. Accordingly, she should be permitted the opportunity to present evidence regarding these material issues of fact at trial.

### Concise Statement of Issue Presented

Section 5314 of Title 31 and 31 C.F.R § 103.24 (2009) require United States citizens to report foreign accounts to the Secretary of the Treasury or their delegate. 31 U.S.C. § 5321(a)(5) authorizes a delegate of the Treasury Secretary to impose a penalty of up to $10,000 per unreported account unless a reasonable cause exception applies. Ms. Ott did not timely report two financial accounts in Canada, which she had signatory authority over for 2007, 2008, and 2009. As such, she was assessed $60,000 in civil penalties. Ms. Ott was unaware of the foreign bank account disclosure requirement, and she exercised ordinary business care and prudence considering all facts and circumstances. Ms. Ott reasonably relied upon the advice

of her accountant, who himself was unaware of the foreign bank account reporting requirements during the years at issue.   Should Ms. Ott be held liable for civil negligence penalties?

## Controlling Authority

Fed. R. Civ. P. 56

31 U.S.C. § 5314

31 U.S.C. § 5321(a)(5)

31 C.F.R. § 103.24 (2009)[1]

26 U.S.C. § 6651

26 U.S.C. § 6664

26 C.F.R. § 1.6664-4(b)(1)

---

[1] In 2010, the regulations were updated and relocated to 31 C.F.R. § 1010.350.  The United States refers in its motion for partial summary judgment to the regulations effective in 2007-2009.  Defendants likewise refer herein to the regulations in effect for 2007-2009.

# I. <u>INTRODUCTION</u>

United States citizens who have an ownership interest in a financial account or have signatory authority over a financial account in a foreign country are required to report the account to the Treasury Department. *See* 31 U.S.C. § 5314; 31 C.F.R. § 103.24 (2009). It is not illegal to own a foreign account, but failing to report such an account can result in a civil penalty if there is no reasonable cause for such failure. The form on which the report is made is the Report of Foreign Bank and Financial Account (herein referred to as an "FBAR") and the penalty for failing to file it is known as an "FBAR penalty." Unless the failure to report the account was willful, the amount of the penalty is limited to $10,000 per account per year. If the failure to report the account is not willful, no penalty will be imposed if the failure is due to reasonable cause. From 1993 to 2010, Mr. Ott and Ms. Ott held financial accounts in a Canadian bank. Neither Mr. Ott or Ms. Ott filed FBARs until 2011. The IRS assessed three penalties of $20,000 each against Ms. Ott for the years 2007, 2008 and 2009.

# II. <u>STATEMENT OF MATERIAL FACTS</u>

1.  Ms. Ott is a United States citizen and was a United States citizen during the calendar years 2007, 2008, and 2009. *See* Compl., ECF No. 1, at ¶ 43; Answer, ECF No. 8, at ¶ 43.

2.      She and her husband, Dennis R. Ott, jointly owned financial accounts in Canada from 1993 through 2010. *See* **Exhibit 1**, "Offshore Voluntary Disclosures – Optional Format Letter" dated July 14, 2011. For the years at issue, 2007 through 2009, Mr. and Ms. Ott held financial accounts in Canada with a financial institution called "Octagon Capital Group." *Id.* They held two accounts with Octagon Capital during that time: an account ending "589-E" and an account ending in "589-F." *See* **Exhibit 2**, "Penalty Computation Worksheet," signed by Mr. and Ms. Ott on August 22, 2011; *see also* Compl., ECF No. 1, at ¶ 44-45; Answer, ECF No. 8, at ¶ 44-45 (admitting that during 2007, 2008, and 2009, Ms. Ott had a financial interest in the accounts and/or signature or other authority over the accounts, within the meaning of 31 C.F.R. § 103.24, and that the accounts were in a foreign country).

3.      Mr. and Ms. Ott believe that the two accounts had balances for the 2007 through 2009 years as follows:

| Year | Account No. | High Balance |
|------|-------------|--------------|
| 2007 | 589-F | $1,061,405 |
| 2007 | 589-E | $842,072 |
| 2008 | 589-F | $400,456 |
| 2008 | 589-E | $516,672 |
| 2009 | 589-F | $714,523 |
| 2009 | 589-E | $1,051,606 |

*See id.* Thus, during 2007, 2008, and 2009, the balance of the two financial accounts with Octagon Capital exceeded $10,000. *See* Compl., ECF No. 1, at ¶ 46; Answer, ECF No. 8, at ¶ 46.

4.   Ms. Ott did not timely file FBARs to report her two accounts with Octagon Capital until she learned of the filing requirement in 2011.  *See* **Exhibit 3**, TD F 90-22.1, Report of Foreign Bank and Financial Accounts, for 2007, 2008, and 2009 signed by Ms. Ott on August 22, 2011.

5.   Ms. Ott has only a high school education.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶ 8.

6.   Ms. Ott runs a business with her husband renting display equipment for special events.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶ 9.

7.   Ms. Ott is not a professional trader of securities.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶ 10.

8.   The United States has not presented any evidence that Ms. Ott has any training or expertise regarding U.S. tax law or accounting.  The Defendant contends that she does not.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶ 11.

9.   Mr. and Ms. Ott hired an accountant, Bob Weide, to complete their tax returns for all the years at issue.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶¶ 21 through 23.

10.     The United States has not presented evidence that Mr. Weide directly asked Ms. Ott about foreign accounts or directly discussed a tax organizer with Ms. Ott during the years at issue.  Defendant contends that she prepared for meetings with Mr. Weide by collecting all the documents she thought were pertinent for filing her tax returns.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶ 25.

11.     The United States has not presented evidence that Mr. Weide was aware of the FBAR filing requirement during the years at issue in order to advise the Otts on their filing requirement.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶¶ 26 through 28.

12.     As soon as Mr. and Ms. Ott learned of the FBAR filing requirement in 2011, they made a voluntary disclosure and filed FBARs with the IRS regarding their Canadian accounts.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶ 29.

13.     Prior to 2011, Mr. and Ms. Ott were unaware that their Canadian accounts were required to be reported on an FBAR.  Likewise, prior to 2011, Mr. Weide was unaware that US taxpayers were required to report their foreign bank accounts on an FBAR.  *See* **Exhibit 4**, Plaintiff United States' Responses to Defendant's Requests for Admissions to Plaintiff Set One, at ¶¶ 18 through 20 and 26 through 28.

14.   On August 26, 2016, the IRS assessed three FBAR penalties against Ms. Ott, each in the amount of $20,000, for the calendar years 2007, 2008, and 2009. *See* **Exhibit 5,** "Forms 13448 Penalty Assessment Certifications (Title 31 'FBAR')," accompanied by a "Certificate of Official Record" dated July 29, 2017.  At or near the time the FBAR penalties were assessed, the IRS sent a letter to Ms. Ott demanding payment for the FBAR penalties.  *See* **Exhibit 6,** Declaration of Debt, dated June 20, 2019, at ¶ 3.  The United States claims that Ms. Ott owes FBAR penalties of $60,000.00, a late-payment penalty of $10,129.31, and interest of $1,688.21, as of June 19, 2019. *See id.,* at ¶ 4.  Ms. Ott denies that she owes the FBAR penalties, the late-payment penalty or the interest amounts because she exercised ordinary business care and prudence, was not reckless in disregard for the rules and regulations and because she has reasonable cause defenses to the penalties. *See* Answer, ECF No. 8, at ¶ 56.

15.   Ms. Ott's state of mind at the time she failed to file her FBARs for 2007, 2008 and 2009 is the heart of the dispute between Defendants and the Unites States and is an issue of material fact.

### III. <u>ARGUMENT</u>

A.   **FBAR and Reasonable Cause Framework.**

United States citizens are required to file an FBAR if they have signatory authority over, or a financial interest in, one or more foreign bank or financial

accounts with values exceeding $10,000 USD (in aggregate) at any point during the calendar year. *See* 31 U.S.C. § 5314; 31 C.F.R. § 103.24 (2009).  Failure to file an FBAR may result in the assertion of civil penalties.  See 31 U.S.C. § 5321(a)(5).  However, if the failure is not willful, "no penalty shall be imposed ... with respect to any violation if - such violation was due to reasonable cause," and the taxpayer later filed correct FBARs. *See* 31 U.S.C. § 5321(a)(5)(B)(ii).

31 U.S.C. § 5321(a)(5)(B)(ii) and the regulations thereunder do not define "reasonable cause."  In *Moore v. U.S.*, the District Court considered the meaning of reasonable cause in the context of the non-willful FBAR penalty and adopted the standard under Internal Revenue Code section 6664(c), which pertains to income tax penalties.  2015 U.S. Dist. LEXIS 43979 (W.D. Wash. 2015) (**Exhibit 7**); *see also Jarnagin v. U.S.*, 134 Fed. Cl. 368 (2017) (affirming the adoption of reasonable cause standards under internal Revenue Code section 6664 for FBAR penalty application).  The District Court in *Moore* ruled that a person can establish 'reasonable cause' for an FBAR violation when he exercised ordinary business care and prudence and was nonetheless unable to comply with his tax filing obligations. *Id.* at *14.  The IRS regulations which set forth reasonable cause and good faith provide that any reasonable cause determination is to be made on a case-by-case basis, "taking into account all pertinent facts and circumstances."  26 C.F.R. § 1.6664-4(b)(1).  The regulations also state that "[g]enerally, the most important

6

factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." *Id.* The regulations provide that "circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." *Id.*

In *U.S. v. Boyle*, the U.S. Supreme Court held that a taxpayer can demonstrate reasonable cause where they reasonably relied on a tax preparer.  105 S. Ct. 687 (1985).  In order to show reasonable reliance, the taxpayer must demonstrate that: (i) the taxpayer's adviser or return preparer had sufficient expertise to justify reliance; (ii) the taxpayer provided all relevant facts to the adviser or return preparer, and (iii) the taxpayer actually relied in good faith on the tax adviser's professional judgment. *Neonatology Associates v. Commissioner*, 115 T.C. 43 (2000), *aff'd*, 299 F.3d 221 (3d Cir. 2002).

Evidence regarding Ms. Ott's knowledge, expertise, and ordinary business care and prudence with respect to her failure to file FBARs are factual issues that Defendants need to present at trial.

**B.     Summary Judgment Standard.**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

However, in making this showing, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). In addition, the court will "accept all of the non-movant's evidence as true and draw all reasonable inferences in the non-movant's favor." *Lloyd v. Saint Joseph Mercy Oakland,* 766 F.3d 580, 588 (6th Cir. 2014); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Although the nonmoving party "may not rest upon the mere allegations or denials" of his pleading, a verified complaint or additional affidavit may satisfy the burden of the nonmovant to respond. Fed. R. Civ. P. 56(e); *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

**C.    There is a Genuine Issue of Fact as to Whether Ms. Ott is Liable for Non-Willful FBAR Penalties for 2007, 2008, and 2009.**

The United States asserts that it must only prove five elements to show that a person is liable for a "non-willful" FBAR penalty: (1) the person is a U.S. person, (2) the person has a financial interest in or signatory authority over a bank, securities, or other financial account, (3) the account must have been located in a foreign country, (4) the balance in the account(s) exceeded $10,000 at some point during the calendar year, and (5) the person must have failed to report the account as required. *See* Plaintiff's Motion for Partial Summary Judgment Against Defendant Tracey R. Ott, ECF No. 18, at p. 10 (citing *United States v. McBride*, 908 F. Supp. 2d 1186,

1202 (D. Utah 2012).  The United States further asserts that the Court should apply the five elements to the facts in this case and enter a judgment against Ms. Ott for the non-willful FBAR penalties.  *Id.  McBride* is inapplicable in this case because it concerns the application of the willful FBAR penalty under 31 U.S.C. § 5321(a)(5)(C), not the non-willful FBAR penalty under 31 U.S.C. § 5321(a)(5)(B). 31 U.S.C. § 5321(a)(5)(B)(ii) provides for a reasonable cause exception to the non-willful FBAR penalty.  Therefore, contrary to the assertions of the United States, the Court cannot enter a judgment in this case without considering the application of the reasonable cause exception under 31 U.S.C. § 5321(a)(5)(B)(ii).  The existence of reasonable cause is an issue of fact.  26 C.F.R. § 1.6664-4(b)(1).  Indeed, Ms. Ott has yet to present evidence on this critical issue for trial.

Here, all remaining issues are issues of fact, not issues of law.  None of the above factual issues have been fully developed.  There remains a genuine issue of material fact as to whether Ms. Ott acted with ordinary business care and prudence and had reasonable cause for her failure to disclose the foreign accounts on FBARs. All the facts surrounding Ms. Ott's ordinary business care and prudence, and her reliance on Mr. Weide to prepare her tax returns need to be presented at trial.  Ms. Ott's state of mind as to her failure to file FBARs, her subjective beliefs, education, and reliance on her accountant all go to the heart of the issue at stake here.  As such, there is a genuine issue for trial as to whether the Defendant may be penalized for

failure to report the two Canadian accounts.  Thus, summary judgment on the issue

of Ms. Ott's state of mind when she failed to file FBARs for 2007, 2008 and 2009 is

not appropriate.

## IV.  **CONCLUSION**

For the foregoing reasons, the Court should deny the United States' motion

for partial summary judgement against Ms. Ott and allow the presentation of

necessary facts at trial.

DATED:  July 11, 2019                    Respectfully submitted

                                         GREENBERG TRAURIG, LLP


                                         By:   _/s/ G. Michelle Ferreira_
                                               G. Michelle Ferreira
                                               Courtney A. Hopley
                                               Jennifer A. Vincent
                                               Defendants DENNIS R. OTT and
                                               TRACEY R. OTT
                                               Four Embarcadero Center, Suite 3000
                                               San Francisco, CA 94111
                                               415.655.1300
                                               ferreiram@gtlaw.com

## CERTIFICATE OF SERVICE

I certify that on this July 11, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants.

_/s/ G. Michelle Ferreira_
G. MICHELLE FERREIRA
Attorney for Defendants