IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-12174-GAD-EAS |
| | ) | |
| v. | ) | Hon. Gershwin A. Drain |
| | ) | |
| DENNIS R. OTT and | ) | Magistrate Judge Elizabeth A. |
| TRACEY R. OTT, | ) | Stafford |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF UNITED STATES' MOTION TO
ALLOW SETTLEMENT AUTHORITIES TO APPEAR BY TELEPHONE**

THE PLAINTIFF UNITED STATES OF AMERICA, pursuant to the Court's Notice to Appear for Settlement Conference (the "Settlement Conference Order," ECF No. 13), hereby requests relief from the requirement that individuals with full settlement authority be personally present at the settlement conference that is scheduled for August 8, 2019, at 10:00 am.  For the reasons stated below, the government asks that the Court authorize the following arrangement:

(1) The personal appearance of the trial attorney(s) assigned to this case;

(2) The telephonic appearance of the DOJ's Chief or Acting Chief of the Office of Review of the Tax Division ("Office of Review Chief"); and

(3) The telephonic appearance of the IRS's Assistant Division Counsel (International) for the Small Business/Self Employed Division (SB/SE).

IN SUPPORT of this motion, the United States has included a brief below in accordance with Local Rule 7.1(d).

1

As required by Local Rule 7.1(a), counsel for the United States requested concurrence in the relief sought by this motion from counsel for the Defendants by sending an email on July 12, 2019, which explained the nature of the motion and the basis for the relief.  Counsel for the Defendants stated that they take no position on the request and defer to the Court's judgment.

WHEREFORE, the United States respectfully requests that the Court grant its motion and allow the government's settlement authorities to appear by telephone at the settlement conference.

## BRIEF IN SUPPORT OF PLAINTIFF UNITED STATES' MOTION TO ALLOW SETTLEMENT AUTHORITIES TO APPEAR BY TELEPHONE

The United States submits this brief, in accordance with Local Rule 7.1(d), to support its motion to allow the government's settlement authorities to appear by telephone. As explained in more detail below, the Court should grant the motion because allowing the settlement authorities to appear telephonically would not adversely affect the settlement conference and it is administratively burdensome to require the government's settlement authorities to appear in person at settlement conferences.

## Concise Statement of Issue Presented

Should the Court permit the government's settlement authorities to appear telephonically at the settlement conference?

**Controlling Authority**

28 C.F.R. Pt. O, Subpt. Y, App., Tax Div. Dir. No. 139

**Background**

The Settlement Conference Order states, "Individuals with full settlement authority shall be personally present at settlement conferences." Settlement Conference Order, at p. 2. The Settlement Conference Order defines "full settlement authority" for the plaintiff as "the authority to dismiss the complaint with prejudice in exchange for a settlement." *Id*.

The government filed this suit to collect on civil penalties assessed against the Defendants Dennis R. Ott and Tracey R. Ott, under 31 U.S.C. § 5321(a)(5) (commonly referred to as "FBAR penalties"), for their failure to report their interest in foreign financial accounts that they held during the 2007 through 2009 calendar years. *See generally* Compl., ECF No. 1. The government is seeking judgment against: (1) Mr. Ott in the total amount of $988,245.00 for the FBAR penalties, $108,945.75 for the late-payment penalty, and $18,465.29 for the accrued interest, plus statutory additions from and after July 9, 2018; and (2) Ms. Ott in the total amount of $60,000.00 for the FBAR penalties, $6,726.57 for the late-payment penalty, and $1,121.09 for the interest, plus statutory additions from and after July 9, 2018. Thus, the total amount in controversy is $1,183,503.69,

plus statutory additions from and after July 9, 2019. This type of case is colloquially referred to as an "FBAR" case.

The IRS assessed the penalties against Mr. and Ms. Ott and then referred the case to the U.S. Department of Justice, Tax Division. Section 3711(g)(4) of Title 31 provides that the Secretary of the Treasury may refer a nontax claim (including FBAR penalties) to the DOJ for litigation.

## Discussion

### A. The DOJ and IRS Settlement Procedures for FBAR Cases Ensure Consistency and Fairness.

The Attorney General has plenary authority to settle any case referred to the Department of Justice. DOJ regulations delegate settlement authority to a limited number of senior officials located in Washington, D.C. *See generally* Tax Division Directive No. 139, 76 Fed. Reg. No. 15212-02, 2011 WL 938673 (March 21, 2011), reproduced at 28 C.F.R. Pt. 0, Subpt. Y, App. The regulations are designed to promote uniformity in settlements across the country, consistent and immediate application of policy, and accountability of the officials acting upon settlements.

The level of authority for settlement depends on the magnitude of the proposed government concession. For concessions up to $500,000, authority is

delegated to the Chiefs of the Civil Trial Sections (the "Section Chief").[1]  For concessions up to $1,500,000, authority is delegated to the Office of Review Chief.  However, the Section Chief and the Office of Review Chief can only settle cases with the concurrence of the IRS if the IRS refers the case to the DOJ with a "standard" classification—accordingly, in any case classified as standard, the IRS must have an opportunity to concur on any proposed settlement.

This FBAR case was referred to the DOJ with a standard classification; thus, while the Office of Review Chief currently has settlement authority (under the Court's definition of "full settlement authority"), her settlement authority is dependent upon the concurrence of the IRS.  *See* 28 C.F.R. Pt. O, Subpt. Y, App., Tax Div. Dir. No. 139, § 6.  If the IRS does not concur in the settlement, then only the Assistant Attorney General for the Tax Division (or higher-level DOJ official) has the authority to accept a settlement over the IRS's objection.  *See* 28 C.F.R. § 0.160.  The United States does not currently have an Assistant Attorney General or even an Acting Assistant Attorney General for the Tax Division.[2]

---

[1] In this case, the Section Chief is the Chief of the Civil Trial Section for the Northern Region, who oversees the Tax Division's civil litigation in eleven states, including Michigan.

[2] This means that in the unlikely event that the DOJ trial attorney recommends settling the case on terms that the Office of Review Chief would approve, but the IRS opposes the settlement, then there are no Tax Division officials that could approve the settlement over the IRS's objection.  The settlement would likely have to be presented to the Associate Attorney General for the United States.  As a

The IRS's settlement approval process for FBAR cases is unique—to ensure consistent and equitable treatment of individuals subject to FBAR penalties, all FBAR cases referred to the DOJ with a standard classification must be presented to the IRS's Division Counsel, SB/SE, for concurrence. Thus, in FBAR cases, the DOJ must route any settlement proposals through the proper channels in order to have IRS concurrence. Within the IRS, only the Division Counsel (or his authorized actor), who oversees approximately 450 managers and attorneys spread through 47 SB/SE Counsel field offices within the IRS, can concur in an FBAR settlement. The Division Counsel for SB/SE is located in Lanham, MD, and he has authorized his Deputy Division Counsel to review and approve these settlements. The Deputy Division Counsel also has the authority to authorize the Assistant Division Counsel (International) to review and approve these settlements. The Deputy Division Counsel is located in Lanham, MD, and the Assistant Division Counsel (International) is located in St. Paul, MN.

The DOJ is currently litigating (or has litigated) numerous cases in multiple jurisdictions involving FBAR cases, and some of those cases have gone through similar settlement or mediation conferences. In those instances, the IRS has worked with the DOJ beforehand to convey the acceptable settlement terms. The

---

practical matter, the Tax Division would not likely send a settlement proposal to the Associate Attorney General that is opposed by the IRS.

IRS has also made available on the day of the settlement or mediation conference a person who is authorized to approve or reject a settlement, should such a settlement be outside the already defined range discussed with the DOJ.

In this case, the Assistant Division Counsel (International) has been authorized to review and approve any settlement entered into by the DOJ. The DOJ and the Assistant Division Counsel (International) will discuss this case prior to the settlement conference to give the DOJ an understanding of the settlement terms that would be acceptable to the IRS. The Assistant Division Counsel (International) will provide the DOJ with both her office and mobile telephone numbers and will be available all day on the date of the conference should it be necessary.

In summary, while the settlement authority in this case rests with the DOJ's Office of Review Chief, the IRS (specifically, the Assistant Division Counsel (International)) must have an opportunity to concur or disagree with the settlement proposal. If the IRS does not concur in the settlement, then only the Assistant Attorney General for the Tax Division (or higher-level official) has the authority to accept a settlement over the IRS's Counsel's objection; and as a practical matter, since there is no current Assistant Attorney General for the Tax Division, the DOJ is highly unlikely to settle over the IRS's objection. The government asks that the

IRS's Assistant Division Counsel (International) and the DOJ's Office of Review Chief be available only by telephone for the settlement conference.

### B. Requiring DOJ and IRS Settlement Authorities to Attend in Person Would be Administratively Burdensome.

Out of necessity, the persons to whom settlement authority is delegated are required to perform other legal and administrative duties in addition to authorizing settlements. For instance, the Office of Review Chief oversees settlements covering all civil Tax Division cases across the United States in which concessions exceed $500,000. Thus, a requirement that the Office of Review Chief personally appear at every settlement conference or mediation in every case within her jurisdiction would impose a substantial administrative burden on the United States.

Accordingly, the Tax Division has adopted procedures to make settlement conferences as productive as possible while enabling supervisory officials to perform their other necessary functions. In this regard, the trial attorneys with primary responsibility for a case attend settlement conferences in person, and the supervisory official with settlement authority is available telephonically to discuss any settlement if necessary.

### C. Legal Authorities Support this Arrangement.

This practice is consistent with the Advisory Committee Notes relating to the 1993 Amendments to the Federal Rules of Civil Procedure, which recognize that when the United States is involved in litigation, "there may be no one with on-

the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Fed. R. Civ. P. 16, Notes of Advisory Committee to 1993 Amendments.

This practice is also consistent with the Judicial Improvements Act of 1990. Although that legislation authorizes the district courts to adopt "civil justice expense and delay reduction plans," which may include a requirement that "representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference," the Act goes on to provide that "[n]othing in [such] plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States, or any delegation of the Attorney General." 28 U.S.C. §§ 473(b)(5), 473(c). In enacting this legislation, Congress was aware that the government is not in the same situation as private parties with respect to settlement authority. In this regard, the Senate Report states that:

> [T]hose district courts that choose to adopt [the settlement authority requirement] should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' Offices or in the litigating divisions in Washington. Clearly, the Department cannot realistically send officials with full settlement authority to each settlement conference.

11

S. Rep. No. 101-416, at 58 (1990), as reprinted in 1990 U.S.C.C.A.N. 6802, 6848.

In accordance with the views expressed by the Advisory Committee and the Senate Judiciary Committee, federal courts have recognized that the required attendance of government officials with full settlement authority at court conferences where settlement may be at issue puts a significant burden on the government and is unnecessary to achieve the objectives of those conferences in most circumstances. *See, e.g.*, *United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1059 (9th Cir. 2012), *as amended* (Oct. 16, 2012) (recognizing that "[t]he Department of Justice in general and its Tax Division in particular are responsible for a very large number of cases" in concluding that "the district court [abused] its discretion in ordering a government representative with full settlement authority to appear at the first settlement conference to be held with the court"); *In re United States of America*, 2007 WL 9627781, at *1 (5th Cir. July 19, 2007) (finding that district court abused its discretion in ordering government official with full settlement authority to attend mediation or delegate his authority to person actually attending mediation absent showing that "extraordinary circumstances were present and . . . that less drastic alternatives were considered and rejected"); *C1 Design Grp. v. United States*, 2016 WL 3017380, at *1-2 (D. Idaho May 24, 2016) (granting Tax Division's request to permit Assistant Section Chief to appear at mediation by telephone); *In re Stone*, 986 F.2d 898, 903 (5th

Cir. 1993) ("[A] district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion in favor of issuing such an order."); *see generally Laird v. Tatum*, 408 U.S. 1, 15 (1972) (where the interference with the courts is slight, courts should not risk becoming "monitors of the wisdom and soundness of Executive action").

The Supreme Court has also acknowledged the unique burden on the United States in litigation, albeit in a different context than settlement negotiations:

> We have long recognized that "the Government is not in a position identical to that of a private litigant,"… both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates. It is not open to serious dispute that the government is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity.

*United States v. Mendoza*, 464 U.S. 154, 159-60 (1984). The Sixth Circuit previously weighed in on this issue by granting, in part, the government's writ of mandamus after the district court required the Tax Division to provide an official with full settlement authority at a status conference; the Sixth Circuit "stayed" the provision of the district court's order "requiring a physical presence of a government official with full settlement authority" and only required that "a government official with sufficient authority to productively pursue settlement … be available either in person or by telephone …." *In re United States of America*, Case No. 01-3506 (6th Cir. May 17, 2001), a copy of the order is hereby attached

13

as **Exhibit 1**, which is available as ECF No. 26 in the underlying district court case captioned *King v. United States*, Case No. 5:00-cv-02667-JG (N.D. Ohio).

Consistent with these prior decisions recognizing the administrative burden that a requirement of in-person attendance would impose, the United States requests relief from the Court's requirement that the individuals with full settlement authority attend the settlement conference in person.

> **D.     As a Practical Matter, Allowing the Office of Review Chief to Be Available by Telephone Will Not Adversely Affect the Settlement Conference.**

Leaving aside the administrative burden on the United States, the government submits that the settlement conference will not be adversely affected by having the DOJ's Office of Review Chief and the IRS's Assistant Division Counsel (International) available by telephone. The trial attorney is the attorney for the government that is most familiar with this case, and will be at the settlement conference in person. Pursuant to 28 U.S.C. §§ 515 through 519, trial attorneys are authorized to represent the United States, and may negotiate and recommend settlement offers to an official having settlement authority. In exercising their settlement authority, DOJ and IRS officials generally accord substantial weight to the trial attorneys' recommendations. Although the trial attorneys do not have settlement authority, they ultimately make the settlement recommendations to the Office of Review Chief and the IRS. Prior to the settlement conference, the trial

attorney(s) assigned to this case will discuss with the Office of Review Chief and the IRS the issues most pertinent to any settlement. The trial attorney(s) will be present at the conference to apprise the Court of the factual and legal issues in this case and the government's position with respect to settlement. Because the DOJ's Office of Review Chief and the IRS's Assistant Division Counsel (International) will be available telephonically should any settlement proposal need to be discussed, the government submits that the telephonic availability of the DOJ's Office of Review Chief and the IRS's Assistant Division Counsel (International) will not hinder the ability of the attorneys or the Court to perform the tasks that need to be accomplished during the conference. With the government's settlement authorities being telephonically available, the government will have on-the-spot authority to accept any settlement.

The Tax Division's experience in other cases supports this position. Section Chiefs and the Office of Review Chief have participated in numerous settlement conferences by telephone, or simply been called for consultation by the trial attorney seeking approval of an already negotiated proposed settlement, and in many instances, those telephonic conferences or brief consultations resulted in either immediate settlements or probable settlements requiring drafting and review of settlement documents (depending on the complexity of the settlement). Accordingly, the government submits that the settlement conference can be

productive with the trial attorney(s) attending the conference in person and the DOJ's Office of Review Chief and IRS's Assistant Division Counsel (International) being available telephonically.

## Conclusion

For the foregoing reasons, the Court should grant the United States' motion and allow the government's settlement authorities to appear telephonically at the settlement conference.

        Respectfully submitted

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General
        U.S. Department of Justice, Tax Division

        */s/ Carl L. Moore*
        CARL L. MOORE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 55
        Washington, D.C.  20044
        202-307-5892 (v)
        202-514-5238 (f)
        Carl.L.Moore@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this July 15, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants.

                                      */s/ Carl L. Moore*
                                      CARL L. MOORE
                                      Trial Attorney, Tax Division