UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DENNIS R. OTT & TRACEY R. OTT,

Defendants.
_____/

Case No. 18-cv-12174

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT [#18]**

**I. INTRODUCTION**

The Government filed this civil action against Defendants Dennis and Tracey Ott for a failure to disclose two foreign financial accounts that they held during the 2007, 2008, and 2009 calendar years. Dkt. No. 1. The Government has moved for summary judgment against Ms. Ott, asserting there is no dispute that her failure to report was a violation of 31 U.S.C. § 5314.

Present before the Court is the Government's Motion for Partial Summary Judgment. Dkt. No. 18. The Motion is fully briefed, and the Court will resolve the matter without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will GRANT the Motion [#18].

-1-

## II. BACKGROUND

Defendant Tracy Ott (hereinafter, "Ms. Ott") is a United States citizen, and was so during the 2007, 2008, and 2009 calendar years. Dkt. No. 18, p. 6 (Pg. ID 74). During this period, she and her husband, Dennis Ott, jointly owned two financial accounts with a Canadian entity known as Octagon Capital: one account ending in 589-F and another ending in 589-E. *Id.*

Ms. Ott has admitted that for the years 2007 through 2009, her accounts at Octagon Capital had the following high balances:

| Year | Account No. | High Balance |
|------|-------------|--------------|
| 2007 | 589-F | $1,061,405 |
| 2007 | 589-E | $842,072 |
| 2008 | 589-F | $400,456 |
| 2008 | 589-E | $516,672 |
| 2009 | 589-F | $714,523 |
| 2009 | 589-E | $1,051,606 |

*Id.* at p. 7 (Pg. ID 75). Ms. Ott did not timely report her financial interest in, or authority over, the above accounts to the Treasury Department. *Id.* Hence, on August 26, 2016, the IRS assessed penalties against her pursuant to 31 U.S.C. § 5321(a)(5) in the amount of $10,000 for each account and for each year she failed

to report. *Id.* at p. 8 (Pg. ID 76). She thus faces $60,000 in penalties, and additionally, $10,129.31 in late payment penalties and $1,688.21 in interest payments. *Id.* The Government has brought the instant action against Ms. Ott to collect on this debt.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) empowers a court to grant summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1968). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Mere allegations or denials in the non-movant's pleadings will not suffice, nor will a mere scintilla of evidence supporting the non-moving party. *Id.* at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *Id.* at 252.

## IV. DISCUSSION

The Government moves for summary judgment against Ms. Ott, asserting there is no dispute that she violated 31 U.S.C. § 5314 when she failed to report her

financial interest in, or authority over, her foreign financial accounts. Ms. Ott opposes the Motion, arguing there is a genuine dispute of material fact as to whether the affirmative defense of reasonable cause excuses her failure. The Court will disagree.

31 U.S.C. § 5314 instructs the Secretary of the Treasury to require United States citizens to keep records, file reports, or both, when they maintain a relation with a foreign financial agency. 31 U.S.C. § 5314(a). In furtherance of this statute, the Secretary of the Treasury has published regulations requiring any United States citizen "having a financial interest in, or signature or other authority over, a bank, securities or other financial account in a foreign country" to report certain details about the account to the Treasury Department. 31 C.F.R. § 103.24. The form on which citizens disclose this information is called the Report of Foreign Bank and Financial Account ("FBAR"). The report must be made by filing a form with the Treasury Department no later than June 30 of each calendar year with respect to any foreign financial accounts that exceeded $10,000 during the previous calendar year. 31 C.F.R. § 103.27(c).

To enforce these reporting requirements, the Secretary of the Treasury is authorized to impose a civil penalty for non-compliance. *See* 31 U.S.C. § 5321. When a violation is non-willful, 31 U.S.C. § 5321 provides that the Secretary may impose a penalty of up to $10,000 per account per year. *Id.* However, the

Secretary may not impose a penalty if "(I) such violation was due to reasonable cause, and (II) the amount of the transaction or the balance in the account at the time of the transaction was properly reported." 31 U.S.C. § 5321(a)(5)(B)(ii). Here, Ms. Ott does not dispute that she violated § 5314's reporting requirements, but maintains that assessing penalties under § 5321 would be inappropriate because she had reasonable cause for her omission.

Section 5321 does not define the term reasonable cause; however, several courts have adopted the standard set forth in the Internal Revenue Code. *See, e.g.*, *Moore v. United States*, 2015 WL 1510007, at *4 (W.D. Wash. Apr. 1, 2015) ("There is no reason to think that Congress intended the meaning of 'reasonable cause' in the Bank Secrecy Act to differ from the meaning ascribed to it in tax statutes."); *Jarnagin v. United States*, 134 Fed. Cl. 368, 376 (2017) (adopting the reasonable cause standard set forth in the Internal Revenue Code). In *Moore*, the district court held that a person can establish reasonable cause by showing they exercised ordinary business care and prudence. *See* 2015 WL 1510007, at *4. In *Jarnagin*, the Court of Federal Claims added that the most important aspect of this determination is "the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." 134 Fed. Cl. at 376. "[C]ircumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the facts and circumstances, including the experience,

knowledge, and education of the taxpayer." *Id.* (quoting 26 C.F.R. § 1.6664-4(b)(1)).

Importantly, "reliance on an information return or on the advice of a professional tax advisor or an appraiser does not necessarily demonstrate reasonable cause and good faith." *Id.* Rather, the taxpayer must show that, under all the circumstances, such reliance was reasonable and that they acted in good faith; for example, where the taxpayer engages a professional tax advisor, provides him or her with "full details," and then relies upon his or her advice. *Id.*; *see Neonatology Assocs., P.A. v. C.I.R.*, 115 T.C. 43, 99 (2000) (For a taxpayer to reasonably rely upon the advice of a tax professional, the taxpayer must prove: (1) the advisor was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the advisor, and (3) the taxpayer actually relied in good faith on the advisor's judgment.).

Here, Ms. Ott has not met her burden of establishing a material question of fact as to whether she had reasonable cause for the failure to disclose her foreign financial accounts. *See ATL & Sons Holdings, Inc. v. Comm'r of Internal Revenue*, 2019 WL 1220942, at *10 (U.S. Tax Court Mar. 13, 2019) ("In litigation a taxpayer's contention of 'reasonable cause' is in the nature of an affirmative defense, which the taxpayer is obliged to raise."). Critically, she has not shown

that she took any steps to learn whether she was required to report her foreign financial accounts. To the contrary, she notes that she hired an advisor to complete her tax returns, but fails to even suggest that she informed the advisor of these accounts. *See Jarnagin*, 134 Fed. Cl. at 378-79 ("[T]he Jarnagins neither requested nor received any advice one way or the other from their accountants regarding whether they were required to file FBARs . . . [t]he Jarnagins . . . cannot use as a shield reliance upon advice that they neither solicited nor received."). This certainly does not constitute ordinary business care and prudence. Ms. Ott's limited education and experience does not excuse this misstep.

Ms. Ott's primary argument is that she "has yet to present evidence on this critical issue for trial." *See* Dkt. No. 20, p. 16 (Pg. ID 123). But the time for her to present facts and evidence demonstrating a genuine issue for trial was now, and unfortunately, that opportunity has passed. *See Highland Capital, Inc. v. Franklin Nat. Bank*, 350 F.3d 558, 564 (6th Cir. 2003) ("[T]he non-moving party cannot rest on its pleadings, but must identify specific facts that can be established by admissible evidence that demonstrate a genuine issue for trial."). Because there is no dispute that Ms. Ott violated § 5314's reporting requirements, and because she has not met her burden of establishing reasonable cause for that violation, the Court will Grant the Government's Motion for Partial Summary Judgment.

## V. Conclusion

For the reasons stated herein, the Court will GRANT the Government's Motion for Partial Summary Judgment [#18] as to Defendant Tracey R. Ott.

IT IS SO ORDERED.

Dated: August 7, 2019

s/Gershwin A. Drain<br>
HON. GERSHWIN A. DRAIN<br>
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 7, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern<br>
Case Manager