IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | Case No. 18-cv-12174-GAD-EAS |
| Plaintiff,  ) | |
| ) | The Hon. Gershwin A. Drain, |
| v.  ) | U.S.D.J. |
| ) | |
| DENNIS R. OTT and  ) | |
| TRACEY R. OTT,  ) | |
| ) | |
| Defendants.  ) | |

**PLAINTIFF UNITED STATES' REPLY
TO DEFENDANT'S POST-TRIAL BRIEF**

**I.        Mr. Ott does not contest the government's argument as to recklessness.**

Mr. Ott did not respond to the government's argument that a person acts recklessly in these circumstances:  The person holds $2,000,000 in stocks and cash, including U.S. stocks, in foreign accounts; earns in excess of $1,400,000 in one year in those accounts; does not tell his accountant about the accounts; signs tax returns that falsely state that the person has no foreign accounts and that report poverty-level income and claim anti-poverty tax credits; and files those tax returns without reviewing them.  (*See* U.S. Mem., dkt. no. 46, at 7-8).

Mr. Ott's sole defense is his subjective motivation, but this is irrelevant to recklessness, which is an objective standard.  (*See id.* at 2 (citing *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 68 (2007); *Bedrosian v. United States*, 912 F.3d 144, 152-53 (3d Cir. 2018))).  Mr. Ott does not (and cannot) contest (a) the standard, (b) that recklessness is objective, or (c) that the facts above describe his conduct.  He does not even appear to dispute that this conduct objectively constitutes recklessness. Mr. Ott is thus liable for the willful penalty.

**II.       Mr. Ott has constructive knowledge of the contents of his tax returns.**

In the civil FBAR context, courts have repeatedly applied the Sixth Circuit's statement in *Greer v. Commissioner*, 595 F.3d 338, 347 n.4 (6th Cir. 2010), that "[a] taxpayer who signs a tax return will not be heard to claim innocence for not having actually read the return, as he or she is charged with constructive

Page 1 of 5

knowledge of its contents." (*See* U.S. Mem. at 3-4 (citing cases)). Mr. Ott argues otherwise (Def. Mem., dkt. no. 47, at 7), citing *United States v. Mohney*, 949 F.2d 1397, 1407 (6th Cir. 1991). But *Mohney* is a criminal case, and the willfulness standard in criminal cases differs from the civil standard. *SafeCo*, 551 U.S. at 60. In the civil context, taxpayers who sign returns that refer to the FBAR requirement, as Mr. Ott did, are held to have knowledge of that requirement, and taxpayers who sign returns that falsely state that they have no foreign bank account, as Mr. Ott did, are held responsible for those false statements. (*See* U.S. Mem. at 3-4).

**III.     Mr. Ott's conduct demonstrates willful blindness.**

Mr. Ott's self-serving testimony – his sole defense to liability (Def. Mem. at 7-9) – is not credible, while Mr. Ott's conduct demonstrates his culpability. And Mr. Ott's failure to disclose his accounts to his accountant, and his concealed cash withdrawals, indicate an intent to violate the law. (U.S. Mem. at 4-6).

Mr. Ott falsely asserts that "there is no dispute that Mr. Ott behaved consistent with his misunderstanding of the law," (Def. Mem. at 9). In fact, Mr. Ott's behavior belies his purported "misunderstanding." Mr. Ott claimed, "I just, it would have never occurred to me to declare a capital gain without selling the stock, without taking the money out and buying groceries with it." (*See* U.S. Mem. at 5 (quoting 10/30/19 Transcript ("Tr2.") at 40:14-16)). But Mr. Ott sold hundreds of thousands of dollars of stock and options and admits having withdrawn almost four

hundred thousand dollars. (*See id.* and exhibit 10). By his own admission, it must have occurred to him that taxes were due. He just did not want to pay them.

While Mr. Ott stresses that he eventually came forward voluntarily, he did so after learning about the IRS's 2009 offshore voluntary disclosure program. (Tr2. at 112:12-18). That is, he learned that the IRS was pursuing taxpayers who used foreign accounts to hide income, but was offering amnesty from criminal prosecution to taxpayers who came forward, made a true and complete disclosure, and paid a fixed penalty. Mr. Ott came forward voluntarily. But he lied to the IRS to minimize his culpability, he omitted more than a million dollars of income from his disclosure (*see* exhibits 21 and 22), and he ultimately withdrew from the program.[1] His strategic decisions to disclose the accounts in exchange for amnesty from potential criminal tax violations, to make an incomplete disclosure, and then to litigate rather than pay the civil penalty indicate little about his state of mind other than an ongoing intent to lie about his conduct and conceal his income.

## IV. Mr. Ott did not defend his false testimony or the false statements he made to the IRS.

Mr. Ott made no attempt to defend his false testimony on the stand and his false statements to the IRS other than by describing them as an "occasional

---

[1] Mr. Ott's brief refers to advice Mr. Ott received from his attorney as to this decision. (Def. Mem. at 5-6 (citing Tr2. at 59-62)). The brief's transcript citations do not support its recitations; rather, the cited pages show the Court sustaining an objection to this testimony.

inability to definitively recall immaterial details of decades-old transactions." (Def. Mem. at 1). But multiple in-person withdrawals of thousands of dollars in cash and dozens of checks over many years are not immaterial, and the lies Mr. Ott told the IRS occurred during the IRS examination, which lasted from 2012 to 2014 – only two years after he closed his brokerage accounts.[2] (*See* U.S. Mem. at 8-10).

V. **Imposing the FBAR penalty is consistent with Congressional intent and with other cases involving individuals with secret foreign accounts.**

Mr. Ott does not dispute that one purpose of the FBAR is to address tax evasion and that Congress intended the willful FBAR penalty apply to tax evaders regardless of whether there is other wrongdoing. (*See* U.S. Mem. at 11).

As expected, Mr. Ott did not cite a single case where a court declined to impose the willfulness penalty on similar facts. No such case exists. Instead, Mr. Ott cites cases that affirmed IRS assessments of non-willful penalties and falsely implies that those courts chose not to impose a willful penalty. But as with Mrs. Ott, in those cases, the willful penalty was not assessed and so was not at issue.

And Mr. Ott's brief misstates the facts of relevant willful FBAR decisions.[3] For example, it contains a chart that purports to distinguish *U.S. v. Norman* on the grounds that *Norman* involves a fraudulent tax organizer, shell companies, an

---

[2] Yet at trial, Mr. Ott claimed to recall the details of how he opened his brokerage accounts in 1993, twenty-six years earlier. (*See* Tr2. at 51:19-52:8).

[3] The government lacks space here to discuss every misstatement in Mr. Ott's summaries of the relevant cases.

"other complex corporate structure," and lies to the accountant.  (Def. Mem. at 11.) But neither the decision imposing the penalty, 138 Fed. Cl. 189 (2018), nor the affirmance, 942 F.3d 1111 (Fed. Cir. 2019), mentions a fraudulent tax organizer, shell company, corporate structure, or lies to an accountant.  And the chart seeks to distinguish *Kimble v. U.S.*, 141 Fed. Cl. 373 (2018), as involving an "other complex corporate structure" and lies to an accountant.  But *Kimble* does not involve a corporate structure, complex or otherwise.  And Ms. Kimble did not lie to her accountant – rather, she did not tell her accountant about her account or ask whether her foreign income needed to be reported – exactly what Mr. Ott did.  141 Fed. Cl. at 385-86.  (And like Mr. Ott, Ms. Kimble also entered into and then withdrew from the IRS voluntary disclosure program.)  Finally, Mr. Ott's lies to the IRS thwart his attempt to distinguish other cases as involving lies to the IRS.

Ignoring Mr. Ott's mischaracterizations, these cases show that courts hold individuals liable for the FBAR penalty when they hide foreign accounts to avoid taxes regardless of whether there is other wrongdoing, as per Congressional intent.

Respectfully submitted,

*/s/ Arie M. Rubenstein*
ARIE M. RUBENSTEIN
ANGELA R. FOSTER
Trial Attorneys, Tax Division
Department of Justice
P.O. Box 55, Washington, D.C.  20044
202-307-6588 (v) / 202-514-5238 (f)
Arie.M.Rubenstein@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 3, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants.

>*/s/ Arie M. Rubenstein*
>ARIE M. RUBENSTEIN
>Trial Attorney, Tax Division